JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER MAURICE MCDOWELL, | Case No. 2:25-cv-02646-SB-AJR |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| CVS STORE STAFF, | |
| Defendants. | |

Plaintiff, proceeding pro se, filed a complaint raising a claim under 42 U.S.C. § 1983 against the "staff" of a CVS store in Los Angeles. Dkt. No. 1. Because Plaintiff has requested to proceed in forma pauperis (IFP), the Court must screen his complaint to determine if he fails to state a claim. *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).

Plaintiff's allegation that an unidentified CVS staff member improperly took $203.25 from his EBT account fails to state a § 1983 claim.[1] *See Price v. State of Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991) (noting that state action is required for a § 1983 claim). There is no allegation or any suggestion that the CVS employee was acting under color of state law.[2] In these circumstances, it is

---

[1] The standard for determining whether a complaint fails to state a claim under 28 U.S.C. § 1915(e) is the same as the standard under Federal Rule of Civil Procedure 12(b)(6). *Hebrard v. Nofziger*, 90 F.4th 1000, 1007 (9th Cir. 2024).

[2] Moreover, his allegation that the funds were taken unlawfully is conclusory. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

"absolutely clear" that amendment would be futile. *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015). Leave to amend is therefore denied.

    Accordingly, the action is dismissed without prejudice.

Date: April 1, 2025

                                                  Stanley Blumenfeld, Jr.
                                                United States District Judge

---

on its face.") (cleaned up); *id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").